NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUIS ALONSO PINALES-GARCIA,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2013-3038

---

Petition for review of the Merit Systems Protection Board in No. AT3330120205-I-1.

---

Decided: May 13, 2013

---

LUIS ALONSO PINALES-GARCIA, of Colorado Springs, Colorado, pro se.

KENNETH S. KESSLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Deputy Principal Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before RADER, *Chief Judge,* CLEVENGER, and PROST,
*Circuit Judges.*

PER CURIAM.

Luis Alonso Pinales-Garcia seeks review of the final
decision of the Merit Systems Protection Board ("Board")
affirming the decision of the Administrative Judge ("AJ")
denying Mr. Pinales-Garcia's request for corrective action
under the Veterans Employment Opportunities Act of
1998 ("VEOA"). *Pinales-Garcia v. Dep't of Def.*,
AT3330120205-I-1, 2012 WL 5458125 (M.S.P.B. Nov. 8,
2012). For the reasons set forth below, we *affirm*.

I

Mr. Pinales-Garcia, a preference-eligible veteran, filed
an appeal with the Board on December 27, 2011, assert-
ing that the Missile Defense Agency ("Agency") violated
his VEOA rights when it failed to select him for the
position of General Engineer, NH-0801-04, at Redstone
Arsenal, Alabama. Mr. Pinales-Garcia made two argu-
ments concerning the alleged violation of his VEOA
rights: first, that the Agency had violated its notification
obligations under 5 U.S.C. §§ 3312 and 3318 in connection
with having passed him over for the job, and second, that
the Agency further violated his VEOA rights by failing to
properly credit all his prior military and non-military
experience as required by 5 U.S.C. § 3311 and
5 C.F.R. § 302.302(d) when it found him not among the
best qualified applicants for the position at issue. The AJ
held a hearing on Mr. Pinales-Garcia's arguments in
Huntsville, Alabama, on March 23, 2012.

The AJ rejected Mr. Pinales-Garcia's arguments in a
written opinion dated April 24, 2012. With regard to the
first argument, the AJ noted that the notification rights to
which he referred applied only to 30% or greater disabled
veterans. Because Mr. Pinales-Garcia acknowledged at

the hearing that he was not 30% or more disabled, the AJ held that the Agency had not violated Mr. Pinales-Garcia's VEOA rights by not providing statutory notice. Regarding Mr. Pinales-Garcia's second argument, the AJ reviewed the evidence of record, which included the grounds upon which the Agency determined that Mr. Pinales-Garcia was not among the best qualified applicants. In particular, the AJ agreed with the Agency that Mr. Pinales-Garcia, while possessing a solid academic background, lacked the specialized experience in missile testing, planning and analysis required for performance of the Engineer position at issue. Accordingly, the AJ held that the Agency had not violated Mr. Pinales-Garcia's VEOA rights and therefore denied his request for corrective action.

Mr. Pinales-Garcia timely petitioned the full Board for review of the AJ's initial decision. Before the full Board, Mr. Pinales-Garcia asserted the two arguments he had made to the AJ, and also proffered additional new arguments. The full Board rejected the new arguments because Mr. Pinales-Garcia had not shown that those arguments were based on new and material evidence that was previously unavailable. The full Board affirmed the AJ's rejection of Mr. Pinales-Garcia's two arguments. As to the statutory notification argument, the full Board agreed with the AJ that Mr. Pinales-Garcia did not qualify for the asserted rights. The full Board alternatively held that the notification rights under Sections 3312 and 3318 are not applicable to Mr. Pinales-Garcia's case because the Agency filled the vacancy at issue under expedited hiring authority enumerated at 5 U.S.C. § 3304(a)(3) and 5 C.F.R. § 337.201, which authorizes the Agency to make appointments without regard to the veterans' preference provisions in Sections 3309 through 3318. The full Board reviewed the record and concluded that the AJ considered all relevant evidence and correctly concluded that the agency considered all of

Mr. Pinales-Garcia's relevant experience, and hence did not deny him his rightful opportunity to compete for the job. In sum, the full Board affirmed the AJ's denial of Mr. Pinales-Garcia's request for corrective action under the VEOA.

## II

Mr. Pinales-Garcia timely sought review of the Board's final decision in this court. We must affirm the final decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, or unsupported by substantial evidence. 5 U.S.C. § 5503(c); *see also Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Mr. Pinales-Garcia repeats his contentions that his notification rights under VEOA were violated, and that the Agency failed properly to consider all of his experience. We agree with the AJ and the Board that the notification rights which Mr. Pinales-Garcia seeks are not applicable to his case. We also agree that substantial evidence supports the Board's factual conclusion that the AJ considered all the relevant experience Mr. Pinales-Garcia offered. In the end, although we agree that Mr. Pinales-Garcia has distinguished academic credits, his experience for the position in question was sufficiently limited so as to disqualify him from being among the best qualified applicants for the position in question. Like the full Board, we do not consider any additional arguments Mr. Pinales-Garcia raises here for the first time. Because we perceive no legal error in the proceedings below, and we find substantial evidence to support the Board's factual findings, we *affirm* the final decision of the Board.

### COSTS

No Costs.